UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**FILED**
OCT 2 9 2003
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

Arlene A. Johnson )
)
    Plaintiff, )
)
v. ) Civil Action No. 3 03 3445 24BC
)
Dillard Department Stores, Inc., Mike )
Hartline, and Chuck Rhodes, )
)
    Defendants. )
)

## DEFENDANTS DILLARD'S DEPARTMENT STORES, INC., AND CHUCK RHODES NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION

COME NOW Defendants, Dillard's Department Stores, Inc. (Dillard's), and Chuck Rhoads,[1] by and through their counsel, Haynsworth Baldwin Johnson & Greaves LLC, and file this Notice of Removal in the above-captioned action pursuant to 28 U.S.C. Section 1446. Defendants respectfully show:

1.    Plaintiff filed her Summons and Complaint in the Court of Common Pleas for the State of South Carolina, in the Fifth Judicial Circuit, Richland County, Civil Action No. 03-CP-40-4737, on October 1, 2003. Defendant Dillard's accepted service on October 6, 2003, and Defendant Rhoads was served personally on October 6, 2003.[2] True and correct

---

[1] The correct spelling is "Rhoads," not "Rhodes" as set forth in the caption.

[2] Upon information and belief, named Defendant Mike Hartline has not been served with a Summons and Complaint. However, Plaintiff's failure to serve Mr. Hartline does not prevent Dillard's and Mr. Rhoads from going forward with removal. *See McKinney v. Board of Trustees of Maryland Community Coll.*, 955 F.2d 924, 926 n.3 (4th Cir. 1992).

copies of all process, pleadings, and orders served upon Defendant are attached hereto and are incorporated herein by reference. (*See* Attachment A.)

2.     Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed within 30 days after Defendants Dillard's and Rhoads were served with the Summons and Complaint.

3.     From the face of the Complaint, it appears that Plaintiff alleges:

    a.     that Defendant Dillard's:

        i.     violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Sections 2000(e), *et. seq.*, by discriminating against her based on her sex when it terminated her (Complaint[3] ¶¶ 21-27);

        ii.    violated Title VII by discriminating against her based on her race when it terminated her (Compl. ¶¶ 21-27);

        iii.   breached an employment contract with her when it terminated her (Compl. ¶¶ 28-33);

        iv.    breached the implied covenant of good faith and fair dealing when it terminated her (Compl. ¶¶ 34-36);

        v.     committed defamation *per se* by having her escorted from a Dillard's store by a uniformed police officer (Compl. ¶¶ 37-45); and

        vi.    intentionally inflicted emotional distress on her by having her escorted from a Dillard's store by a uniformed police officer (Compl. ¶¶ 46-51).

---

[3] Plaintiff's Complaint will be abbreviated as "Compl." followed by the appropriate paragraph number.

2

  b.  that Defendant Rhoads:

    i.  committed defamation *per se* by having her escorted from a Dillard's store by a uniformed police officer (Compl. ¶¶ 37-45);

    ii.  intentionally inflicted emotional distress on her by having her escorted from a Dillard's store by a uniformed police officer (Compl. ¶¶ 46-51); and

    iii.  tortiously interfered with her alleged employment contract by intentionally inducing Defendant Dillard's to breach its contract with her (Compl. ¶¶ 52-57).

4. Plaintiff seeks actual, consequential, compensatory, and punitive damages, interest thereon, attorneys' fees, and costs. (Compl. ¶ 57.)

## FEDERAL QUESTION JURISDICTION

5. In her Complaint, Plaintiff raises federal questions based on sex and race discrimination in violation of a federal statute, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000(e), *et. seq.*, as amended. Additionally, this Court already has jurisdiction[4] over a related case initiated on Defendant Dillard's Complaint For Order Compelling Arbitration, based generally on the Federal Arbitration Act, 9 U.S.C. Sections 1, *et seq.*, and specifically 9 U.S.C. Section 4. (*See Dillard's, Inc. v. Arlene Johnson*, Civil Action No. 3:03-2522-24.) Therefore, the Court has original jurisdiction, pursuant to 28 U.S.C. Section 1331, over both

---

[4] Jurisdiction over Dillard's Complaint For Order Compelling Arbitration was based on diversity and federal question jurisdiction. The removal of Plaintiff's state court Complaint, however, is not currently based on diversity jurisdiction because she has also brought suit against Mr. Rhoads, individually, a Dillard's Assistant Manager, who is a citizen of South Carolina.

Plaintiff's claims for violation of Title VII and Defendant Dillard's assertion that Plaintiff's claims are subject to arbitration under the FAA. Accordingly, these claims may be removed to this Court pursuant to 28 U.S.C. Section 1441(a).

6. Pursuant to 28 U.S.C. Section 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims against Defendant Dillard's and Rhoads because they arise out of the same nucleus of operative fact as Plaintiff's Title VII claims. These claims may also be removed pursuant to 28 U.S.C. Section 1441(c).

7. Therefore, the case set forth above, Civil Action No. 03-CP-40-4737, in the Court of Common Pleas for the State of South Carolina, in the Fifth Judicial Circuit, Richland County, could have originally been brought before this Court pursuant to 28 U.S.C. Section 1331 and may be removed by Defendants, pursuant to the provisions of 28 U.S.C. Section 1441.

8. Defendants have complied with the requirements of Rule 83.IV.01 of the Local Civil Rules of the United States District Court for the District of South Carolina.

9. Defendants have complied with Local Civil Rule 26.01 by filing their Answers to Local Civil Rule 26.01 Interrogatories simultaneously with this Notice of Removal.

WHEREFORE, Defendants Dillard's and Mr. Rhoads pray that the above action now pending against it in the Court of Common Pleas for the State of South Carolina, in the Fifth Judicial District, be removed to this Court.

Dated this the 29th day of October 2003.

>Respectfully submitted,
>
>HAYNSWORTH BALDWIN
>JOHNSON & GREAVES LLC
>
>By: *Katherine Dudley Helms*
>Katherine Dudley Helms
>Federal Court ID No. 1811
>
>*William L. Duda*
>William L. Duda
>Federal Court ID No. 7740

1201 Main Street, Suite 1230
Columbia, SC 29201
803.799.5858
803.799.7168 Fax
kdh@col.haynsworth.com
wld@col.haynsworth.com

5

| STATE OF SOUTH CAROLINA | ) | IN THE CIRCUIT COURT FOR THE |
|---|---|---|
| RICHLAND COUNTY | ) | FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Arlene A. Johnson | ) | |
| Plaintiff | ) | COVER SHEET FOR |
| vs. | ) | CIVIL ACTIONS |
| | ) | 03CP-04737 |
| Dillard Department Stores, Inc., Mike Hartline, and Chuck Rhodes, Defendant(s) | ) | Docket No. _____ |

The cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this Cover Sheet must be served on the defendant(s) along with the Summons and Complaint.

**NATURE OF ACTION:** *(check one category for the main cause of action)*

- ( ) TORT - Motor Vehicle
- ( ) TORT - Professional Malpractice
- ( ) TORT - Unfair Trade Practices, and Other Economic or Business-Related Wrongs
- ( ) TORT - Products Liability
- ( ) TORT - General or Other
- ( ) PCR
- ( ) GOV/ADM - Property Seizure
- ( ) GOV/ADM - General or Other

- ( ) CONTRACT - Debt Collection
- (X) CONTRACT - Employment
- ( ) CONTRACT - Construction
- ( ) CONTRACT - Wrongful Breach
- ( ) CONTRACT - General or Other
- ( ) REAL PROPERTY
- ( ) MINOR SETTLEMENTS
- ( ) DOMESTICATE FOREIGN JUDGMENT
- ( ) OTHER *(Please Describe)*

**JURY DEMAND** (X) YES ( ) NO

Note: Information requested on this form is preliminary in nature, and for administrative purposes only. The response to this request for information on jury demand merely indicates a likelihood that a jury trial will or will not be requested and does NOT constitute a demand for or a waiver of trial by jury pursuant to applicable rules or statutes.

**DOCKETING INFORMATION** *(Check one box.)*

- ( ) This case is subject to **arbitration** (all cases with monetary damages less than $25,000 are subject to arbitration, unless otherwise exempt).
- (X) This case is subject to **mediation** (all cases not subject to arbitration must be mediated, unless otherwise exempt).
- ( ) This case is exempt from ADR, and certificate is attached.

Signature of Plaintiff/Plaintiff's Attorney

P.O. Box 11367
Mailing Address

Columbia, SC 29211
City, State, Zip Code

(803) 254-4035
Telephone

Date: 10/1/03

SEE REVERSE SIDE FOR FURTHER IMPORTANT INFORMATION

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) 
RICHLAND COUNTY ) FIFTH JUDICIAL CIRCUIT
)
Arlene A. Johnson, )
                Plaintiff )  CERTIFICATE OF
) EXEMPTION/WITHDRAWAL
vs. ) FROM ARBITRATION/Mediation
)
Dillard Department Stores, Inc., Mike )
Hartline, and Chuck Rhodes, Defendant(s) )  Docket No. _____

I CERTIFY THAT THIS ACTION IS EXEMPT FROM ARBITRATION BECAUSE:

**X** monetary relief requested in this case exceeds $25,000;

_____ this is a class action;

_____ there is a substantial claim for injunction or declaratory relief requested in this case;

_____ this case involves *(check one or more of the following)*

    _____ title to real estate;
    _____ wills, trusts and decedents' estates;
    _____ mortgage foreclosure;
    _____ partition;

_____ this is a special proceeding or action seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

_____ monetary relief requested in this case is unspecified but exceeds $25,000;

_____ this case is a companion or related to similar actions pending in other courts with which the action might be consolidated but for lack of jurisdiction or venue;

_____ this action is appellate in nature;

_____ this is a post-conviction relief matter;

_____ this is forfeiture proceeding brought by the State; or

_____ this is a contempt of court proceeding.

Date: 10/1/03

Attorney for Plaintiff, Arlene Johnson

NOTE: Motion must be presented to the court, a hearing held, and a finding made, for exemption or withdrawal from arbitration for "strong and compelling reason" sought pursuant to Rule 1(d), Rules of Circuit Court Arbitration.

ARB-          (11/95)

**03CP404737**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Arlene A. Johnson, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | (Jury Trial Demanded) |
| | ) | |
| Dillard Department Stores, Inc., Mike Hartline, and Chuck Rhodes, | ) | |
| | ) | |
| Defendants. | ) | |

TO: THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their office, Childs & Halligan, P.A., Post Office Box 11367, Columbia, South Carolina 29211, within thirty (30) days after the service hereof, exclusive of the day of such service.

In the event you fail to answer the Complaint in the time as aforesaid, the Plaintiff will apply to the court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

CHILDS & HALLIGAN, P.A.

By: _____
Allen D. Smith
Thomas K. Barlow
P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Plaintiff

Columbia, South Carolina
October 1, 2002

1

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | FIFTH JUDICIAL CIRCUIT |
| Arlene A. Johnson, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| vs. | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| Dillard Department Stores, Inc., Mike Hartline, and Chuck Rhodes, | ) | |
| Defendants. | ) | |

Plaintiff, complaining of Defendants, alleges as follows:

1. Plaintiff, Arlene A. Johnson, is an African-American female. She is a citizen and resident of the State of South Carolina, Richland County.

2. Defendant Dillard Department Stores, Inc. ("Dillard's") is a corporation organized and existing under the laws of a State other than South Carolina, with a principal place of business in Little Rock, Arkansas.

3. On information and belief, Defendant Mike Hartline is a citizen and resident of the State of North Carolina, Mecklenburg County, and at all times relevant to the complaint, served as Store Manager of the Richland Mall Dillard's on Beltline Boulevard in Columbia.

4. Defendant Chuck Rhodes is a citizen and resident of the State of South Carolina, Richland County, and at all times relevant to the complaint, served as the Assistant Store Manager of the Richland Mall Dillard's, on Beltline Boulevard in Columbia.

5. This Honorable Court has jurisdiction over the parties and the subject matter of this action and venue is proper in this Court.

**PROCEDURAL HISTORY**

6. On or about August 28, 2002, Plaintiff filed a charge of discrimination

1

with the South Carolina Human Affairs Commission and the U.S. Equal Employment Opportunity Commission.

7. On July 3, 2003, the U.S. Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, which is attached hereto as Exhibit A and incorporated herein by reference. This Notice was received by Plaintiff's counsel on July 7, 2003.

## FACTUAL BACKGROUND

8. On or about March 27, 2000, Plaintiff was hired by then-Store Manager Angela Phillips to work as Men's Department Manager in Dillard's Department Store in Richland Mall, on Beltline Boulevard, in Columbia, South Carolina.

9. Shortly after beginning her employment with Dillard's, Plaintiff was issued an employee handbook and other written policies and procedures, which set forth the terms of her employment.

10. During her employment under Ms. Phillips, Plaintiff repeatedly received satisfactory job performance evaluations. In October 2001, Plaintiff was promoted to Women's Department Manager, where she oversaw the highest volume of sales of any department in the Richland Mall Dillard's. Plaintiff reluctantly accepted the position, agreeing to the promotion only after Dillard's officials, including Walter Grammer, the District Manager, urged her to accept the position.

11. Defendant Mike Hartline replaced Angela Phillips as Store Manager in or around October 2001. While employed at Dillard's, Plaintiff overheard Hartline use the slur "nigger" in a phone conversation with an unknown party.

12. Defendant Hartline terminated Plaintiff's employment on or about June 28, 2002.

13. Prior to the date of her termination, Plaintiff received no written warnings, counseling, or other notice that her employment with Dillard's was in jeopardy.

2

14. Defendant Hartline informed Plaintiff that her employment was being terminated because of poor sales in her department for the year-to-date and for the month of June 2002 as compared to the month of June 2001. However, three white department managers had larger sales decreases in their departments for the period encompassing June 2001 through June 2002. Likewise, three department managers had lower sales percentages in their departments for June 2002 as compared to June 2001. On information and belief, none of those white department managers were terminated or disciplined in any manner for the poor sales performance of their departments.

15. The reasons for Plaintiff's termination offered by Hartline were pretextual, and designed to conceal his discriminatory animus toward Plaintiff because of her race and sex, which was his true motivation for terminating Plaintiff's employment.

16. Upon being notified of her termination, Plaintiff contacted Walter Grammer, the District Manager. Grammar told Plaintiff that he was unaware that her employment was being terminated and expressed his surprise.

17. Grammer told Plaintiff that he would investigate her termination and call her back; however, on information and belief, Grammer did not conduct any investigation and he has not attempted to contact Plaintiff or otherwise spoken with her since the date of her termination.

18. After she was advised of her termination, Plaintiff attempted to purchase some clothing items for herself and family members. Plaintiff's actions in attempting to complete these purchases created no disruption or disturbance in the store.

19. On information and belief, Defendants Rhodes and/or Hartline then contacted the local police. A uniformed officer arrived and escorted Plaintiff from the store in full view of her co-workers and Dillard's customers. Plaintiff's forcible removal from the premises created the impression that she had been terminated for or had engaged in theft,

3

embezzlement, or some other wrongful activity.

20. On information and belief, no white employee at the Richland Mall Dillard's has ever been escorted from the premises by a uniformed police officer. Dillard's managers only contact law enforcement when they have compelling evidence that an individual has stolen merchandise or committed illegal conduct.

## AS A FIRST CAUSE OF ACTION AGAINST DILLARD DEPARTMENT STORES, INC.
### (Discrimination Based on Race and Sex in Violation of Title VII of the Civil Rights Act of 1964, as amended)

21. Plaintiff realleges each and every allegation set forth above as if set forth fully herein.

22. Plaintiff was the only African-American woman employed as a Department Manager at Dillard's Richland Mall store.

23. Plaintiff was fired on the pretext of failing to meet targeted sales goals. In reality, Plaintiff's termination was motivated by both her race and sex.

24. In terminating Plaintiff's employment because of her race and sex, Dillard's intentionally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.

25. Dillard's further discriminated against Plaintiff on the basis of her race and sex by having her escorted from the premises by a uniformed police officer after she was informed that her employment was being terminated.

26. As a direct and proximate result of Dillard's violations of Title VII as described above, Plaintiff has suffered lost past and future wages and benefits and severe emotional distress, and has incurred attorney's fees and costs associated with this action.

27. Plaintiff is entitled to an award of actual, compensatory, consequential, and punitive damages, as well as attorney's fees and the costs of this action.

## AS A SECOND CAUSE OF ACTION AGAINST
## DILLARD DEPARTMENT STORES, INC.
### (Breach of Contract)

28. Plaintiff realleges each and every allegation set forth above as if set forth fully herein.

29. Upon commencing employment with Dillard's, Plaintiff received written work rules, policies, and procedures from Dillard's which purported to govern the terms of her employment with Dillard's.

30. One or some of these written policies prohibited Dillard's or its managers from making employment decisions based on a consideration of an employee's race, sex, or other protected traits and required Dillard's to treat all employees equally in the terms and conditions of their employment.

31. The written work rules, policies, and procedures promulgated by Dillard's, along with verbal assurances of management, created a contract of employment between Dillard's and its employees, including Plaintiff.

32. By terminating Plaintiff's employment based in whole or in part on her race and sex and by treating her differently than similarly-situated employees, Dillard's violated and breached Plaintiff's employment contract.

33. As a direct and proximate result of Dillard's unjustified and bad faith breach of contract, Plaintiff is entitled to past and future lost income, benefits, and any other sums required to make her whole.

## AS A THIRD CAUSE OF ACTION AGAINST
## DILLARD DEPARTMENT STORES, INC.
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

34. Plaintiff realleges each and every allegation set forth above as if set forth fully herein.

35. The contract created by Dillard's work rules, policies, and procedures and

the verbal assurances of Dillard's management contained an implied covenant that required Dillard's to deal with Plaintiff fairly and in good faith.

36. Dillard's, through the actions of its managers, breached this implied covenant of good faith and fair dealing by terminating Plaintiff on the basis of her race and sex and treating her differently than similarly-situated employees.

### AS A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Defamation)

37. Plaintiff realleges each and every allegation set forth above as if set forth fully herein.

38. On information and belief, the uniformed police officer who removed Plaintiff from the store after her termination was acting at the direction of Defendant Rhodes and/or Defendant Hartline.

39. On information and belief, Defendants Rhodes and/or Hartline received no counseling, disciplinary action, or negative consequences for authorizing and directing these actions, and Defendant Dillard's ratified their actions.

40. Plaintiff's removal from the store by a uniformed police officer conveyed a defamatory meaning about plaintiff and suggested that she was being terminated because of criminal or unlawful conduct, and/or that she was engaging in some type of criminal or unlawful activity that made her a threat to the security of the store.

41. Plaintiff's removal from the store was witnessed by Dillard's employees, who were Plaintiff's former coworkers, and by customers. In directing and authorizing this public removal of Plaintiff from the premises by a uniformed police officer, Defendants Rhodes and/or Hartline knew or should have known of the potential harm to Plaintiff.

42. Plaintiff was not terminated for any wrongful act, or accused of, or

6

charged with any criminal conduct. As a result, the above-described implication or insinuation that Plaintiff had engaged in criminal conduct or posed some sort of threat to the store was false and malicious.

43. On ordering Plaintiff's removal from the store, Defendants published these defamatory implications to third parties, namely customers and store employees, who witnessed Plaintiff's removal from the store. On information and belief, Defendants Rhodes and Hartline have made similar defamatory insinuations and statements to Plaintiff's prospective employers since her termination.

44. Defendants' insinuations directly attacked Plaintiff's professional competence as a retail sales manager, as well as imputing that she had committed a crime involving moral turpitude. Such defamatory implications were made with actual malice and are actionable per se, and, therefore, general damages can be presumed as a result of the harm to Plaintiff's reputation.

45. As a direct and proximate result of Defendant's defamatory actions, insinuations, statements, and the consequent harm to her reputation, Plaintiff incurred damages and is entitled to actual and punitive damages in an amount to be determined at trial.

### AS A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Outrage)

46. Plaintiff realleges each and every allegation set forth above as if set forth fully herein.

47. In contacting local police, and having a uniformed officer remove Plaintiff from her former place of employment without justification, Rhodes and/or Hartline performed an act which any reasonable person would find outrageous, given that Plaintiff had not, and has never been accused of any wrongful or illegal action.

48. In taking the above-described actions, Hartline and Rhodes were aware of the humiliation, embarrassment, and emotional distress that Plaintiff would face, and they intended for Plaintiff to be humiliated, embarrassed, and emotionally distressed as a result of her forcible removal from the store.

49. Defendant Dillard's ratified these actions.

50. Plaintiff's forcible removal from the store caused her to suffer severe emotional distress, including humiliation, embarrassment, loss of standing in her community, and diminished opportunities for comparable future employment.

51. As a direct and proximate result of the Defendant's outrageous actions, Plaintiff is entitled to actual and punitive damages to be determined at trial.

### AS A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS HARTLINE AND RHODES
### (Tortious Interference with Contract)

52. Plaintiff realleges each and every allegation set forth above as if set forth fully herein.

53. The written work rules, policies, and procedures promulgated by Dillard's, along with the verbal assurances of management, created a contract of employment between Dillard's and its employees, including Plaintiff.

54. Defendants Rhodes and Hartline each had actual or constructive knowledge of the contract between Plaintiff and Dillard's.

55. Defendants Rhodes and Hartline intentionally induced Dillard's to breach its contract with Plaintiff by, among other things, creating false reasons and after-the-fact false documentation in an effort to substantiate grounds to terminate Plaintiff's employment on a discriminatory and inequitable basis.

56. In inducing Dillard's to terminate its contract with Plaintiff, Rhodes and Hartline were acting with malice and to serve their own interests, and without justification.

57. As a result of Rhodes' and Hartline's tortious interference with her contract with Dillard's, Plaintiff has suffered lost past and future income and emotional distress, and is entitled to actual, compensatory, and punitive damages in an amount to be established at trial.

WHEREFORE, Plaintiff prays for (1) a trial by jury, (2) judgment against Defendant in an amount of actual, consequential, compensatory, and punitive damages, (3) for interest on the sum(s) proven to be due, (4) attorney's fees and the costs of this action, and (5) for such other and further relief as the Court deems just and proper.

>                    Respectfully submitted,
>
>                    CHILDS & HALLIGAN, P.A.
>
>                    By: _____
>                    Allen D. Smith, Fed. I.D. No. 5465
>                    Thomas K. Barlow, Fed. I.D. No. 7483
>
>                    asmith@childs-halligan.net
>                    tbarlow@childs-halligan.net
>                    P.O. Box 11367
>                    Columbia, South Carolina 29211
>                    (803) 254-4035
>                    Attorneys for Plaintiff

October 1, 2003
Columbia, South Carolina

## CERTIFICATE OF SERVICE

I, William L. Duda, do hereby certify that the foregoing **DEFENDANTS DILLARD'S DEPARTMENT STORES, INC., AND CHUCK RHODES NOTICE OF REMOVAL** has been served upon the following person by certified mail, return receipt requested, properly addressed, and with correct amount of postage affixed thereto:

> Thomas K. Barlow, Esq.
> Childs & Halligan, P.A.
> Post Office Box 11367
> Columbia, SC 29211

Dated this the 29th day of October 2003.

William L. Duda
Federal Court ID No. 7740

1201 Main Street, Suite 1230
Columbia, SC 29201
803.799.5858
803.799.7168 Fax
wld@col.haynsworth.com