IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Arlene A. Johnson, | ) | |
| | ) | C/A No. 3:03-3445-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Dillard's Inc., Mike Hartline, and | ) | |
| Chuck Rhoads, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

Plaintiff Arlene A. Johnson filed this action in the Court of Common Pleas for Richland

County, South Carolina, on October 1, 2003, against her former employer, Defendants Dillard's, Inc.

(Dillard's); her former supervisor, Mike Hartline; and a another employee, Chuck Rhodes.  Plaintiff

alleged that she was discriminated on the basis of her race and sex in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq. ("Title VII).  She also asserted

state law claims for breach of contract, breach of contract of implied covenant of good faith and fair

dealing, defamation, intentional infliction of emotional distress (outrage), and tortious interference

with contract.  Defendants removed the case to this court on October 29, 2003.  The action was

stayed  pending arbitration.   The stay was lifted on November 9, 2005.

Plaintiff filed an amended complaint on May 3, 2006.  Plaintiff asserts claims for

discrimination based on race and sex in violation of Title VII and 42 U.S.C. § 1981 as to Dillard's

(first cause of action); breach of contract as to Dillard's (second cause of action); defamation as to

all Defendants (third cause of action), intentional infliction of emotional distress (outrage) as to all

Defendants (fourth cause of action), and tortious interference with contract as to Defendants Hartline

and Rhoads (fifth cause of action). On December 22, 2006, the parties stipulated as to the dismissal of all claims against Rhoads in his individual capacity, as well as the tortious interference with contract claim against Defendant Hartline in his individual capacity.

This matter is before the court on Defendants' motion for summary judgment, which motion was filed December 27, 2006 (Entry 34). Plaintiff filed a memorandum in opposition on January 16, 2007, to which Defendants filed a reply on January 26, 2007. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on August 30, 2007 in which he recommended that Defendants' motion for summary judgment be granted as to all of Plaintiff's claims except her claim that she was discriminated on the basis of her sex plus her race. Defendants filed objections to the Report and Recommendation on September 14, 2007. Plaintiff filed no objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are fully discussed in the Report and Recommendation. Briefly, Plaintiff, who is a black female, began working for Dillard's in March 2000 as Area Sales Manager of the Men's

Department at the Richland Mall store in Columbia, South Carolina.  Plaintiff was supervised by Store Manager Angela Phillips.  Phillips positively rated Plaintiff's performance for the March 2000 - February 2001 period.

Defendant Hartline, a white male, replaced Phillips as Store Manager in March 2001.  In October 2001, the Area Sales Manager of the Ladies Department was demoted because of slow sales in the department.  Defendant Hartline offered the position to Plaintiff.  Plaintiff resisted the change because she felt that the Ladies' Department was in disarray.  Defendant Hartline told her, however, that the failure to accept the position would be negatively perceived and could result in restricting Plaintiff's opportunities for advancement.

Defendant Hartline terminated Plaintiff for poor sales performance on June 28, 2002.  Plaintiff was replaced by Jim Huggins, a black male who had worked for approximately six years as the Area Sales Manager of the Shoe Department.  Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission (SCHAC) on August 25, 2002, asserting that she had been discriminated against on the basis of her race.  Specifically, Plaintiff stated:

I.      PERSONAL HARM:
I was terminated on June 28, 2002, by Mike Hartline, Store Manager.

II.     RESPONDENT(S) REASON(S) FOR ADVERSE ACTION(S):
Low sales performance.

III.    COMPLAINANT'S CONTENTION(S):
I contend the reason given for my discharge to be pretextual.  Other white managers were not fired because of their low sales performance.

IV.     DISCRIMINATION STATEMENT:
I therefore believe I have been discriminated against because of my Race (Black), in violation of the South Carolina Human Affairs Law, as amended, and Title VII of the United States Civil Rights Act of 1964, as amended.

3

Entry 34-12, p 16.

Plaintiff subsequently discovered that her position had been filled by Huggins. On January 27, 2003, Plaintiff, through counsel, wrote a letter to SCHAC, noting that Plaintiff wished to amend her Charge of Discrimination to add sex as a basis for her charge. Plaintiff informed SCHAC that she believed her termination was "based on a combination of these two discriminatory motives, and that her race and sex discrimination claims are not an 'either/or' proposition." Entry 38-6. Defendants were not provided a copy of the January 27, 2003 letter.

On March 3, 2003, Plaintiff amended her Charge to include a claim for discrimination based on sex, as follows:

I.      I was terminated on June 28, 2002, by Mike Hartline, Store Manager.

II.     I was told that I had low sales performance.

III.    I contend that the reason given for my discharge to be pretextual. Other white male managers were not fired because of their low sales performance. Additionally, I was replaced by a male.

IV.     I therefore believe that I was discriminated against because of my race (Black) and my sex (Female), in violation of the South Carolina Human Affairs Law of 1972, as amended, and Title VII of the United States Civil Rights Act of 1964, as amended.

Entry 34-12, p. 17.

## II. DISCUSSION

As noted hereinabove, Plaintiff has not objected to the Magistrate Judge's recommendations that summary judgment be granted in favor of Defendants as to Plaintiff's causes of action for discrimination under 42 U.S.C. § 1981, breach of contract, defamation, intentional infliction of emotional distress (outrage), and tortious interference with contract. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.

Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge that these causes of action should be dismissed. Accordingly, the court turns to Defendants' objections regarding the remaining Title VII claim.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

To make a prima facie case, Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the job and performed it satisfactorily; (3) she suffered an adverse employment action; and (4) she was treated differently than similarly situated employees outside of the protected class. Brockman v. Snow, 217 F. App'x 201 (4th Cir. 2007) (citing Autry v. N.C. Dep't of Human Res., 820 F.2d 1384, 1385 (4th Cir. 1987). If a prima facie case is presented, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Assuming the employer meets this burden of production, the McDonnell Douglas framework-with its presumptions and burdens-disappears, and the sole remaining issue is discrimination vel non. Hill v. Lockheed Martin Logistics Management, Inc., 354 F.3d 277, 285 (4th Cir. 2004 ) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-42 (2000)). "In other words, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" Id. (quoting Reeves, 530 U.S. at 143). At this point, the burden to demonstrate pretext "'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.'" Id. (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)).

A.

Defendants first assert that the Magistrate Judge erred in recognizing sex-plus-race as a protected category under Title VII.  The court disagrees.

Defendants first contend that the Magistrate Judge failed to give proper effect to the term "or" because he did not read the words separated by the term "or" disjunctively.  In the court's view, Defendants' construction of Title VII contravenes the overarching objective of Title VII, which is to cause employment to be based only upon applicable job qualifications.  See Griggs v. Duke Power Co., 401 U,.S. 424, 434 (1971).  The court finds more persuasive the view of the Court of Appeals for the Fifth  Circuit that the "use of the word 'or' evidences Congress' intent to prohibit employment discrimination based on any or all of the listed characteristics."  Jefferies v. Harris County Cmty. Action Ass'n, 615 F.2d 1025, 1032 (5th Cir. 1980).  The Fifth Circuit noted, "[t]hat this was the intent of Congress . . . is supported by the fact that the House of Representatives refused to adopt an amendment which would have added the word 'solely' to modify the word 'sex.'" Id. (citing 110 Cong. Rec. 2728 (1964)).  Defendants' objection is without merit.

Defendants also assert that allowing combination claims under Title VII arguably leads to results and protections beyond those intended by Congress.  The court disagrees.

In Phillips v. Martin Marietta Corp., 400 U.S. 542, 544 (1971), the United States Supreme Court held that a plaintiff stated a claim under Title VII for gender discrimination based on her contention that an employer refused to hire women  with pre-school age children, while hiring similarly situated men.  A number of courts since Phillips have recognized that unlawful discrimination can exist when an employer discriminates not against the class of men or women as a whole, but against a subclass of men or women so designated by their sex plus another

6

characteristic.  See Gee-Thomas v. Cingular Wireless, 321 F. Supp. 2d 875, 881 (M.D. Tenn. 2004

(citing Black v.Hastings on Hudson Union Free Sch. Dist., 365 F. 3d 107, 118 n.7 (2d Cir. 2004));

Rauw v. Glickman, 2001 WL 34039494, * 8 (D. Or. Aug. 6, 2001) (not reported); McGrane v.

Proffitts Inc., 2000 WL 34030843, *7 (N.D. Iowa December 26, 2000) (not reported).  For example,

in Lam v. Univ. of Hawaii, 40 F.3d 1551(9th Cir. 1994), the plaintiff, an Asian woman, brought a

claim of employment discrimination based in part on evidence that a senior white male professor

involved in the hiring process harbored prejudicial feelings toward Asians and women.  The Court

of Appeals for the Ninth Circuit observed that:

> where two bases for discrimination exist, they cannot be neatly reduced to distinct
> components.  Rather than aiding the decisional process, the attempt to bisect a
> person's identity at the intersection of race and gender often distorts or ignores the
> particular nature of their experiences.  Like other subclasses under Title VII, Asian
> women are subject to a set of stereotypes and assumptions shared neither by Asian
> men or by white women.  In consequence, they may be targeted for discrimination
> even in the absence of discrimination against Asian men or white women.
> Accordingly . . . when a plaintiff is claiming race *and* sex bias, it is necessary to
> determine whether the employer discriminates on the basis of that *combination* of
> factors, not just whether it discriminates against people of the same race or of the
> same sex.

Id. at 1562 (emphasis in original) (internal citations and quotations omitted).

In Jeffers v. Thompson, 265 F. Supp. 2d 314, 326 (D. Md. 2003), a district court in this

Circuit allowed a race-and-gender claim, noting that "[l]ike other composite classes under Title VII,

African-American women are subject to stereotypes and assumptions shared neither by African-

American Males nor by Caucasian females.  Consequently, they may suffer a distinct, but no less

invidious discrimination." (citing Jefferies, 615 F.2d at 1032, Lam, 40 F.3d at 1562).  The Jeffers

court acknowledged that recognition of a composite class makes establishment of the prima facie

case of discrimination easier, because "[t]he more specific the composite class, the more readily a

plaintiff can demonstrate that the beneficiary of the contested employment decision does not belong to the class." Id. However, the Jeffers court also noted that, under the familiar McDonnell Douglas test, the ultimate burden of persuasion remains always on the plaintiff; [a]nd the more specific the composite class in which the plaintiff claims membership, the more onerous that ultimate burden becomes." Id. at 326-27. Defendants' objections are without merit.[1]

B.

Defendants next contend that the Magistrate Judge erred in finding that Plaintiff exhausted her administrative remedies. The court disagrees.

As the Magistrate Judge correctly observed, a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b) before a federal court may assume jurisdiction over a claim under Title VII. The administrative remedies include an investigation of the complaint and a determination by the EEOC as to whether "reasonable cause" exists to believe that the charge of discrimination is true. The purpose of a charge of discrimination is to give notice to the charged party and provide a means for voluntary compliance and conciliation. Evans v. Sheraton Park Hotel, 503 F.2d 177 (D.C. Cir. 1974). An administrative charge does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination. Miles v. Dell, Inc., 429 F.3d 480, 491(4th Cir. 2005) (quoting Bryant v. Bell Atlantic Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002)). Thus, "'[i]f a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable

---

[1] The court notes that in an unpublished opinion the Fourth Circuit reviewed a case brought on the basis of race and national origin discrimination, albeit without specific discussion of the novelty of a combination claim. See Siraj v. Hermitage in Northern Virginia, 51 F. App'x 102 (4th Cir. 2002).

8

administrative investigation, the plaintiff may advance such claims in her subsequent civil suit.'" Id. (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247-48 (4th Cir. 2000)).

In this case, Plaintiff filed an amended Charge which indicated both race and gender discrimination. In addition, she informed SCHAC that she wished to pursue a combination claim. Although Defendants did not receive a copy of this letter, an investigation of the combination claim could be expected to follow from a reasonable administrative investigation by SCHAC. Defendants' objection is without merit.

C.

Finally, Defendants contend that the Magistrate Judge erred in finding evidence of pretext. Defendants object to a number of facts relied on by the Magistrate Judge and urge their interpretation of the facts. In the court's view, the arguments advanced by Defendants more properly should be considered by a jury. Viewing the facts in the light most favorable to Plaintiff, the court cannot say that it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees, 955 F.2d 924, 928 (4th Cir. 1992). Defendants' objection is without merit.

III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated therein and in this order, Defendants' motion for summary judgment is granted except as to Plaintiff's Title VII claim that she was discharged in violation of Title VII on the basis

of her race plus gender.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 24, 2007.